UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Edward Z.,<br><br>          Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>          Defendant. | Civil No. 3:20-CV-01824 (SRU)<br><br><br>October 24, 2022 |

**RECOMMENDED RULING ON**
**MOTION FOR ATTORNEYS' FEES (ECF No. 25)**

This is a Social Security case in which the defendant, Acting Commissioner Kilolo Kijakazi ("Commissioner"), consented to a remand for further administrative proceedings. (ECF No. 19.) Upon remand, the Social Security Administration ("SSA") awarded benefits to the plaintiff.[1]

The plaintiff now moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 25.) He seeks $26,524.50, which "represents 25% of [his] retroactive benefits." (*Id.*) His counsel promises that if the motion is granted, he will refund the $5,624.40 that the Court previously awarded under the Equal Access to Justice Act ("EAJA"). (ECF No. 25-1, ¶ 12.) The Commissioner does not oppose the motion, but instead "respectfully defers to the Court to determine whether the requested fee is reasonable." (ECF No. 27, at 5.)

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the plaintiff will be identified as "plaintiff" or by first name and last initial throughout this opinion. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

The presiding District Judge, the Honorable Stefan R. Underhill, previously referred this case to me – Magistrate Judge Thomas O. Farrish – "for all purposes including issuing a Recommended Ruling." (ECF No. 14.) For the reasons set forth below, I recommend that Judge Underhill **GRANT** the motion.

I.   **BACKGROUND**

   A.   **Administrative Proceedings**

On April 20, 2018, Edward Z. filed an application for disability insurance benefits ("DIB") on behalf of himself and his minor child, Grace Z., who was under the age of eighteen. (R. 22, 183-84.) The plaintiff alleged disability beginning December 10, 2017. (R. 183.) He and his prior counsel, Attorney Christina A. Apfel, Esq., entered into an attorney fee agreement dated September 14, 2018. (R. 116.) The SSA denied his claims initially on October 11, 2018, and again upon reconsideration on March 12, 2019. (R. 22, 83, 97, 111.)

On January 16, 2020, the plaintiff appeared with Attorney Apfel for a hearing before an administrative law judge ("ALJ") as to his DIB and supplemental security income ("SSI") claims. (R. 22, 38.) On February 19, 2020, the ALJ reached an unfavorable decision for the plaintiff, finding that he was not under a disability within the meaning of the Social Security Act from February 19, 2020, through the date of the decision. (R 33.) On March 13, 2020, the plaintiff requested that the Appeals Council review the decision. (R. 2, 7.) On October 20, 2020, the Council denied review, finding no basis for changing the ALJ's decision. (R. 7.)

   2.   **District Court Proceedings**

On December 5, 2020, the plaintiff and his current counsel, Attorney Eddy Pierre Pierre, Esq., entered into a contingent attorney fee agreement (the "Fee Agreement") to appeal the denial of DIB and SSI to the Court, stating that if a remand to the Administration results in an award of

past-due benefits, Attorney Pierre's law firm "may request up to twenty-five percent (25%) of the past due benefits pursuant to 42 U.S.C. § 406(b) of the Social Security Act for [its] work performed at the federal court level, and that fee must be approved by the district court." (ECF No. 25-3.) On December 20, 2020, the plaintiff filed a complaint with the Court for a review of the SSA's decision. (Compl., ECF No. 1.)

On July 29, 2021, the plaintiff and the Commissioner filed a consent motion to remand to the SSA under sentence four of 42 U.S.C. § 405(g). (ECF No. 19.) On July 30, 2021, the Court entered judgment consistent with the consent motion to remand in favor of the plaintiff against the Commissioner. (ECF No. 20.)

On October 26, 2021, the parties stipulated for allowance of fees under the EAJA in the amount of $5,624.40. (ECF No. 23.) On November 1, 2021, the Court approved and adopted the stipulation, allowing EAJA fees in the amount of $5,624.40, and $402.00 to be paid by the Judgment Fund. (ECF No. 24.)

Upon remand, an ALJ issued a new and partially favorable decision. (ECF No. 25-1, at 2.) On July 16, 2022, the SSA issued a notice of award of benefits to the plaintiff pursuant to that decision, finding that he was due $68,653.00 in past-due benefits for the period of May 2020 through July 2022. (ECF No. 25-5, at 2.) The SSA withheld $17,163.25 for attorneys' fees, which represented 25% of the award. (*Id.*)

On July 30, 2022, the SSA issued a second notice of award of benefits to the claimant for monthly benefits on behalf of his child in the amount of $37,445.00, and withheld 25%, or $9,361.25, for attorneys' fees. (*Id.*, at 7-8.) As such, the total amount withheld for attorneys' fees is $26,524.50. In addition, the SSA approved the Fee Agreement with Attorney Pierre, confirming

that he may "request up to twenty-five percent (25%) of the past due benefits" pursuant to 42 U.S.C.§ 406(b) for work performed at the federal court level. (*Id.*, at 8; ECF No. 25-3.)

On August 3, 2022, the plaintiff filed this motion seeking fees in the amount of $26,524.50, which represents twenty-five percent of his retroactive benefits, pursuant to 42 U.S.C. § 406(b). (ECF No. 25.) His counsel asserted that his firm expended 27.32 attorney hours and 5.03 paralegal hours on the case. (ECF No. 25-1, at 2; ECF No. 25-4.) Counsel also observed that dividing the contingency fee by the number of hours expended yields a *de facto* hourly rate of $970.88. (ECF No. 25-2, at 4.) On August 24, 2022, the Commissioner responded to the motion and stated that she neither supported nor opposed it. (ECF No. 27.)

## II.   DISCUSSION

### A.   The Timeliness of the Plaintiff's Motion

I begin by considering whether the plaintiff's fee motion is timely. Federal Rule of Civil Procedure 54(d)(2)(B) sets forth a fourteen-day deadline to file an attorney fee petition, plus a three-day mailing period, for Section 406(b) motions. Fed. R. Civ. P. 54(d)(2)(B); *Sinkler v. Berryhill*, 932 F.3d 83, 87–89, 91 (2d Cir. 2019). The deadline begins running on the date the claimant receives the notice of benefits award. *Id.* at 89. Here, the Administration sent the notices of award of benefits on July 16, 2022, and July 30, 2022, respectively. (ECF No. 25-5.) The plaintiff moved for attorney fees under Section 406(b) approximately four days following his complete receipt of the notices of benefits on August 3, 2022. (ECF No. 25.) As such, the plaintiff timely filed his motion for attorney fees under Section 406(b) within the fourteen days plus three days for mailing deadline. The Commissioner agrees. (ECF No. 27, at 2.)

**B. The Reasonableness of the Requested Fee**

42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant" represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation[.]" This fee cannot exceed twenty-five percent of the total of "the past-due benefits to which the claimant is entitled by reason of such judgment," and the Commissioner may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.*

Courts evaluate Section 406(b) claims for attorney fees under a standard of reasonableness. Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808–09 (2002). The Second Circuit has instructed district courts to look at three factors to determine the reasonableness of a requested Section 406(b) fee: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990) ("*Wells II*"); *see also Gisbrecht*, 535 U.S. at 808.

Application of the *Wells II* factors to this case reveals that the plaintiff's requested fee is reasonable. With respect to the first factor, the requested award is exactly twenty-five percent of the total past-due benefits that the claimant received. *See Wells II*, 907 F.2d at 372. The plaintiff seeks an award under Section 406(b) in the amount of $26,524.50, which is twenty-five percent of the $106,098.00 in benefits that he received for himself and his minor child, and thus within the cap. And with respect to the second factor, the record does not reflect fraud or overreaching in making the Fee Agreement. The Commissioner concedes as much (ECF No. 27, at 4), and indeed

the SSA approved the Fee Agreement (ECF No. 25-5, at 8.) Thus, the first and second *Wells II* factors support a finding of reasonableness.

Third, the court must consider "whether the requested amount is so large as to be a windfall to the attorney." *Wells II*, 907 F.2d at 372. The "windfall" analysis includes consideration of the *de facto* hourly rate, but the Second Circuit recently clarified that it must include other factors as well. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). The court should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant . . . including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.

Here, application of the *Fields* factors reveals that the requested fee would not be a windfall. First, the plaintiff's counsel is able and experienced. Attorney Pierre devotes his entire practice to Social Security cases. *See* www.pierrepierrelaw.com (last visited Oct. 19, 2022). A CM/ECF search reveals that each of his nine appearances in this district has been in a Social Security case, and each of his sixty-six appearances in the Southern District of New York has been as well. He has practiced Social Security disability law for over twenty years, and has "successfully represented hundreds of clients at administrative hearings and in federal district courts." (ECF No. 25-1, at 1); *see also* www.americandisabilityadvocates.com/eddy-pierre-pierre (last visited Oct. 18, 2022). Regarding the plaintiff's counsel's efficiency, in his 27.32 hours spent on this case, he digested a 492-page administrative record, performed legal and medical research, filed a 13-page brief and a 14-page statement of material facts, and negotiated a stipulated resolution with the government, which ultimately resulted in a favorable award to his client of

past-due benefits. (ECF Nos. 15, 17-1, 18.) As such, the plaintiff's counsel used his experience to be efficient here.

Second, the plaintiff's counsel had a successful and established professional relationship with claimant that began on December 5, 2020, and that encompassed the District Court appeal "followed by agency level representation including rehearing before an [ALJ] that resulted in a partially favorable decision." (ECF No. 25-2, at 5); *see also Fields*, 24 F.4th at 855. And with respect to the third factor – the plaintiff's satisfaction – he and his child stand to receive a substantial award of past-due benefits as well as ongoing monthly benefits. (*See* ECF No. 25-2, at 5.) Counsel represents that the plaintiff, "who has a direct financial stake in the fee determination, does not object to counsel's fees." (*Id.* (citing *Fields*, 24 F.4th at 855).)

The fourth *Fields* factor – the uncertainty of recovery – likewise supports the reasonableness of the fee request, for several reasons. To begin with, one of the asserted bases for reversal and remand – that the ALJ's residual functional capacity ("RFC") was not supported by substantial evidence – can be "a difficult ground on which to succeed." *Vomero v. Comm'r of Soc. Sec.*, No. 19-cv-5799 (PKC), 2022 WL 2918330, at *4 (E.D.N.Y. July 25, 2022) (finding no downward adjustment of fees warranted where the only ground for reversal was the RFC not being supported by substantial evidence); *see also* ECF No. 19, at 1. As the plaintiff's counsel points out, "[t]he success of the claim was far from a sure thing, as evidenced by the fact that it was denied at least four previous times at the agency level prior to the district court appeal." (ECF No. 25-2, at 6); *see also Fields*, 24 F.4th at 856. Accordingly, the plaintiff appears to be correct when he says that this was not "a contingency-fee representation that succeed[ed] immediately and with minimal effort, suggesting very little risk of nonrecovery." (ECF No. 25-2, at 6.) Moreover, the nature of a contingency agreement itself makes recovery inherently uncertain. *Fields*, 24 F.4th at

7

856 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.") (citing *Wells II*, 907 F.2d at 371). And it is relevant that the plaintiff's counsel expended most of his 27.32 hours before the government stipulated to a remand. (ECF Nos. 19, 25-4); *see Stovall v. Berryhill*, No. 1:16-cv-05129-NG, 2022 WL 798160, at *3 (E.D.N.Y. Mar. 16, 2022) (finding the hours spent before a stipulation of remand with the government weighed in favor of an uncertain result and in support of the reasonableness of the attorney's fee sought).

While the requested fee award works out to an unusually high *de facto* hourly rate of $970.88, *see Yamile B. S. v. Comm'r of Soc. Sec. Admin.*, No. 19-cv-00155 (SALM), 2022 WL 1115099, at *3 (D. Conn. Apr. 14, 2022), I conclude that it is nevertheless reasonable under the circumstances of this case. To be sure, "a de facto hourly rate that is starkly out of line with de facto hourly rates on other Social Security cases may suggest a windfall." *Fields*, 24 F.4th at 856. But courts within the Second Circuit have approved even higher *de facto* rates than what the plaintiff is requesting here. *See, e.g., Janangelo v. Saul*, No. 3:17-cv-01496 (WIG), 2020 WL 3071828, at *2 (D. Conn. June 10, 2020) (finding an hourly rate of $1,046.32, though on the higher side, to be reasonable, and stating that "courts within this Circuit have held that similar *de facto* hourly rates are not a windfall to [p]laintiff's counsel"); *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) (finding an hourly rate of $1,289.06, though on the higher side, to be reasonable); *Valle v. Colvin*, No. 13-cv-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving an hourly rate of $1,079.72 for award sought under Section 406(b) and collecting cases with hourly rates ranging from $1,007.78 to $2,100.00); *see also Joseph L. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 304, 308 (W.D.N.Y. 2021) (approving an hourly rate of $908.84 for award sought under Section 406(b), noting that "courts have on rare

occasions found to be reasonable rates [above $500 per hour]. . . especially where plaintiffs have prevailed on motions for judgment on the pleadings").

### C. The EAJA Award

An EAJA award "offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (citing Pub. L. No. 99-80 § 3, Aug. 5, 1985, 99 Stat. 186). Fee awards "may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (internal quotations and citations omitted); *Fields*, 24 F.4th at 856–57.

On November 1, 2021, the Court approved and adopted the parties' joint stipulation, allowing EAJA fees in the amount of $5,624.40. (ECF No. 24.) The plaintiff's counsel may receive an award under Section 406(b) so long as he certifies to the Court and the Commissioner that he has returned the EAJA award to the plaintiff. He represents that he will do so. (ECF No. 25-1, at 2.)

### III. CONCLUSION

For the reasons set forth above, I recommend that Judge Underhill grant the plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), awarding fees in the amount of $26,524.50. I also recommend that the Court direct the plaintiff's counsel, upon receipt of this sum, to remit directly to the plaintiff the $5,624.40 fee that was previously awarded under the EAJA, and to thereafter file a certification on the docket that he has done so.

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). If any party wishes to object to this recommendation, it must file that objection with the Clerk of the Court within fourteen days. Fed. R. Civ. P. 72(b)(2); D. Conn. L. Civ. R.

72.2(a).  If a party does not object within that time, it may not thereafter assign as error any claimed defect in this recommended ruling.  *Id.*  Failure to file a timely objection will also preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

                                                                               */s/ Thomas O. Farrish*
                                                                               Hon. Thomas O. Farrish
                                                                      United States Magistrate Judge